# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **RODRIGO EDUARDO RODRIGUEZ,** | § § § | |
| *Plaintiff,* | § | |
| v. | § | EP-18-CV-00063-DCG |
| | § | |
| **ECHOSPHERE, L.L.C.,** | § § | |
| *Defendant.* | § § | |

## ORDER

Presently before the Court is Plaintiff Rodrigo Eduardo Rodriguez's "Motion to Remand" ("Motion") (ECF No. 5) filed on February 28, 2018. Therein, Plaintiff requests that the Court remand this matter back to the 34th Judicial District Court of El Paso County, Texas. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

On January 4, 2018, Plaintiff filed a complaint in the 34th Judicial District Court of El Paso County, Texas, asserting age and disability discrimination and retaliation claims under Chapter 21 of the Texas Labor Code. Notice Removal at 1–2, ECF No. 1. Accompanying Plaintiff's complaint was a signed stipulation limiting his damages to $74,999, exclusive of interest and costs. Notice Removal, Ex. 1 at 7. Plaintiff's stipulation states:

> By this stipulation, I swear and stipulate that the amount of controversy in this case in a court of law is no more than $74,999.00, plus interest and costs if no members of Defendant are citizens of the same State as Plaintiff. I verify and stipulate that the amount I seek to recover in this case in a court of law is no more than $74,999.00, plus interest and costs.
>
> If no members of Defendant are citizens of the same State as Plaintiff, I agree to waive and hereby do waive any recovery in this case, whether it be for actual damages, punitive damages, attorney fees, or any other possible category of recovery, in any amount totaling in excess of $74,999.00, plus interest and costs in a court of law.

> If no members of Defendant are citizens of the same State as Plaintiff and if a judgment is entered in this case in an amount in excess of $74,999.00, plus interest and costs, I will not execute on the amount exceeding that amount. I waive any right to execute on the portion of any judgment in this case which exceeds $74,999.00, plus interest and costs in a court of law.
>
> By the phrase "interest and costs," as those terms are used herein, I intend those terms to have the same meaning as they have under the federal removal statute, which I understand is 28 U.S.C. section 1332.
>
> I intend for this stipulation to be binding on me and my heirs, successors, and assigns, and anyone acting on my behalf.
>
> If no members of Defendant are citizens of the same State as Plaintiff, I agree that this stipulation is irrevocable, and forever bars any recovery in this case in excess of $74,999.00, plus interest and costs in a court of law. Nothing herein applies if this case is in binding arbitration.

*Id.* On February 21, 2018, Defendant Echosphere, L.L.C. removed the cause to this Court on the basis of diversity jurisdiction. Notice Removal at 1–2. On February 28, 2018, Plaintiff filed the instant motion seeking to remand the case back to the 34th Judicial District Court of El Paso County, Texas. Mot. at 10.

## II. STANDARD

A defendant may remove a civil action filed in a state court to a federal district court if the latter court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Where, as here, removal is premised upon diversity jurisdiction, 28 U.S.C. § 1332, the removing party bears the burden of establishing, by a preponderance of the evidence, both that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). However, once the case is removed, the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). This is so because, "[a]s 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" *Gasch v. Hartford Accident & Indent. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). Federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. Unit A, Dec. 1981).

### III. DISCUSSION

Defendant removed this matter on the grounds that complete diversity exists between the parties and the amount in controversy likely exceeds $75,000, exclusive of interest and costs. Notice Removal at 2. While Plaintiff filed a stipulation with his original petition that purports to limit his damages to $74,999, Defendant argues that the amount-in-controversy requirement is still met because the stipulation is not truly binding. *Id.* at 4–6. In response to Defendant's removal of the case to this Court, Plaintiff filed a Motion to Remand asserting that Defendant failed to prove complete diversity of citizenship between the parties or that the amount in controversy exceeds $75,000, exclusive of interest and costs. Mot. at 4–10.

#### A. Diversity of Citizenship

Plaintiff's first argument in favor of remand is that Defendant failed to prove that complete diversity exists between the parties. *Id.* at 4–5. Specifically, Plaintiff argues that Defendant did not properly allege its citizenship because it used the standard for corporations instead of the standard for limited liability companies. *Id.* Defendant disputes Plaintiff's

contention and offers evidence in support of its allegation of diversity. Resp. at 2–3, ECF No. 7; Resp., Ex. 1 at 2.

28 U.S.C. § 1332(a)(1) grants federal district courts jurisdiction over disputes between "citizens of different States." "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). In the case of limited liability companies, "the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080. On the other hand, a corporation is deemed to be a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

In its Notice of Removal, after stating that Plaintiff is a citizen of Texas, Defendant alleged that "Echosphere L.L.C. is incorporated under the laws of the State of Colorado with its corporate headquarters and principal place of business in Englewood, Colorado." Notice Removal at 2. Plaintiff argues that Defendant's allegation is legally insufficient to prove diversity of citizenship. Mot. at 4–5. However, a removing defendant need only provide "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). Moreover, Defendant notes that its only member is DISH DBS Corporation, which is incorporated under the laws of Colorado and has its principal place of business in Englewood, Colorado. Resp. at 2–3. Defendant further provides an affidavit from Randy Trejo, an employee in its Human Resources Department, swearing to the same. Resp., Ex. 1 at 2. Thus, Defendant correctly alleged the citizenship of its only member and has provided evidence corroborating that allegation. Accordingly, Defendant has proven complete diversity of the parties.

## B. Amount in Controversy

Plaintiff's second argument in favor of remand is that Defendant failed to prove that the amount in controversy exceeds $75,000, exclusive of interest and costs. Mot. at 5–10. Specifically, Plaintiff asserts that his binding stipulation limits his damages to $74,999, so Defendant cannot establish that the amount in controversy exceeds the jurisdictional threshold. *Id.* Conversely, Defendant contends that Plaintiff's stipulation is not truly binding because it is conditional and ambiguous. Resp. at 3–7.

Removal is proper if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Thus, in the instant case where Plaintiff has alleged an amount below the jurisdictional threshold in his state complaint, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy . . . that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)). Once the defendant has established by a preponderance of the evidence that federal jurisdiction is warranted, the plaintiff must show that it is a legal certainty that the claim is really for less than the jurisdictional amount to justify remand. *De Aguilar*, 47 F.3d at 1412. The Fifth Circuit has held that one way the plaintiff can satisfy his legal certainty obligation is by filing a binding

stipulation or affidavit with his pre-removal complaint limiting his damages to below the jurisdictional threshold. *Id.*

Here, Defendant argues that it has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Resp. at 3–5. Specifically, Defendant asserts that "[i]f [Plaintiff] were to prevail on his demand for back pay and benefits, front pay and benefits, punitive damages, compensatory damages in the past and future, attorney's fees, pre- and post-judgment interest, and costs, it is more likely than not that he would accrue more than $75,000 in damages." Resp. at 4 (emphasis removed). In essence, Defendant contends that it is "facially apparent" that Plaintiff's claims are likely for more than $75,000. *See Luckett*, 171 F.3d at 298. The Court agrees. *See Tovar v. Target Corp.*, No. CIV.A. SA04CA0557XR, 2004 WL 2283536, at *4 (W.D. Tex. Oct. 7, 2004) ("If Plaintiff were awarded lost past and future wages and benefits for a number of years before and after the cause of action is concluded, the sum of damages would mount. Additionally, if Plaintiff is successful in his bid for an award of attorney's fees, punitive damages, and emotional distress damages it is more than likely that a successful action would result in an award greater than [the jurisdictional threshold]."). Accordingly, the Court finds that Defendant has established by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional threshold.

Thus, for the Court to remand, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Plaintiff avers that he has satisfied the legal certainty obligation by providing a signed stipulation expressly limiting his damages to less than the jurisdictional threshold. Mot. at 5. Defendant disputes that the stipulation is actually binding on the grounds that 1) the stipulation is conditional and 2) the stipulation is ambiguous. Resp. at 5. However,

while conditions are disfavored under Texas law, they are not invalid, and the Court must interpret the conditions according to their plain language. *Cajun Constructors, Inc. v. Velasco Drainage Dist.*, 380 S.W.3d 819, 826 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Plaintiff's stipulation includes two main conditions. The first is "[i]f any of Defendant's members are citizens of the same state as Plaintiff, Plaintiff is not willing to limit his recovery."[1] Resp. at 5. The second condition is "[n]othing herein applies if this case is in binding arbitration."[2] *Id.* at 6. Giving the conditions their plain meaning, their applicability is clear and unequivocal.

Nevertheless, Defendant asserts that even if the conditions themselves are unambiguous, the Court should still hold that the stipulation is ambiguous because it does not definitively limit Plaintiff's damages in state court and arbitration. *Id.* at 5–7. This is because Plaintiff could potentially recover more than $75,000 if there is not complete diversity between the parties or if the case is sent to binding arbitration. Thus, according to Defendant, it is not legally certain that Plaintiff cannot recover more than the jurisdictional threshold. *Id.* at 5.

The Court first considers Defendant's argument that the Diversity Clause makes the stipulation ambiguous and not truly binding upon Plaintiff. Defendant cites to *Tovar v. Target Corporation* in support of its argument. However, *Tovar* is distinguishable from the instant case. In *Tovar*, the court held that the stipulation was ambiguous because its language was contradictory and did not make clear whether the plaintiff's maximum amount recoverable was actually limited to below the jurisdictional threshold. *Tovar*, 2004 WL 2283536 at *4. Here, the language is unambiguous. If the parties are diverse, Plaintiff will not seek or accept an amount

---

[1] Hereinafter, the Court will refer to this condition as the "Diversity Clause." The Court is quoting Plaintiff's paraphrasing of the condition in his Motion to Remand. Mot. at 8. While the stipulation is worded slightly differently, the meaning of the condition is the same in substance.

[2] Hereinafter, the Court will refer to this condition as the "Arbitration Clause."

above $74,999, exclusive of interest and costs. Mot. at 2–3. This language binds Plaintiff to not accepting more than the jurisdictional threshold in either state court or this Court because the parties are diverse in this matter. Further, if the parties were not diverse in this case, the Court would not have jurisdiction, so the amount-in-controversy requirement would not be relevant. In a diversity case, the plaintiff is the master of his complaint, so the plaintiff can choose to bar removal by limiting his damages to less than the jurisdictional threshold. *Allen*, 63 F.3d at 1335. That is exactly what Plaintiff did here. Thus, the Diversity Clause is clear, unequivocal, and enforceable.

Next, the Court considers Defendant's contention that the stipulation is not truly binding because the Arbitration Clause expressly withdraws all of the limitations on damages if the case is sent to binding arbitration. The Court and the parties have only been able to locate two cases addressing this precise issue nationwide. In both matters, the courts held that the stipulation was binding and remanded the causes. *Ellison v. Credit Acceptance Corp.*, 177 F. Supp. 3d 967, 971 (S.D.W. Va. 2016) ("[T]he court concludes this case should be remanded to the Circuit Court of Kanawha County."); *McCoy v. Synchrony Bank*, No. 2:15-CV-13310, 2015 WL 6386554, at *2 (S.D.W. Va. Oct. 21, 2015) ("[T]he court finds that the amount in controversy does not exceed $75,000 and the court does not possess diversity jurisdiction over this case."). For example, in *Ellison*, the plaintiff stipulated that his damages in a judicial forum could not exceed $75,000, but he did not limit his damages if the case were sent to arbitration. 177 F. Supp. 3d at 971. The court held:

> The amount in controversy turns on the amount the plaintiff seeks to recover, not hypothetical amounts that may be awarded in another forum if a party avails itself of that forum. The plaintiff has stipulated that he cannot recover more than $75,000 in a judicial forum. Whether a stipulation of this sort can be used to defeat diversity is beyond dispute.

*Id.* The *Ellison* court further expressed that its holding best comports with the policy of the federal courts to avoid complex jurisdictional rules. *Id.* at 969–71.

*Vaden v. Discover Bank* is also instructive on this issue. In *Vaden*, the Supreme Court provided a framework for how the lower courts should determine jurisdiction under the Federal Arbitration Act. *Vaden v. Discover Bank*, 556 U.S. 49, 52–53 (2009). In interpreting the Act, the Supreme Court held that "the district court should assume the absence of the arbitration agreement and determine whether it would have jurisdiction under title 28 without it." *Id.* at 62 (internal quotation marks omitted). Moreover, in a previous decision, the Supreme Court held that jurisdiction under the Federal Arbitration Act "clearly rest[s] on the assumption that federal courts have jurisdiction to enforce arbitration agreements only when they would have had jurisdiction over the underlying dispute." *Allied-Bruce Terminix Companies v. Dobson*, 513 U.S. 265, 291 (1995). Thus, the Supreme Court's holdings evince the intent that district courts determine jurisdiction without regard for the prospect of arbitration. When that principle is applied to this case, it convinces the Court that it should overlook the possibility of arbitration and focus on the jurisdictional issues in the case before it.

Accordingly, the Court is persuaded by the *Ellison* and *Vaden* opinions. In determining its jurisdiction, the Court looks past the prospect of arbitration and to the amount in controversy in this forum. In the instant case, Plaintiff's stipulation effectively binds him to less than the jurisdictional threshold, which compels the Court to remand the case. *See Korndoffer v. W. States Fire Prot. Co.*, No. CIV.A.SA-04-CA-0944-, 2004 WL 2750231, at *2 (W.D. Tex. Dec. 2, 2004) ("It would stretch reason to deny remand in a situation where a plaintiff actually has filed an unequivocal stipulation and affidavit limiting [his] damages"). The Court is convinced that this is the right approach because it avoids complex jurisdictional rules and uncertainty. On the

other hand, Defendant's preferred approach rejects "Alexandrian solutions" in favor of "knotty jurisdictional tests." *See Ellison*, 177 F. Supp. 3d at 971. *See also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss."). The Court is further assured of the correctness of its approach by the Fifth Circuit's warnings to construe the removal statute in favor of remand in order to alleviate the federalism concerns inherent in diversity jurisdiction. *See Gasch*, 491 F.3d at 281 ("As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." (internal quotation marks omitted)); *Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *B., Inc.*, 663 F.2d at 546 ("The federal judiciary is now seen in some quarters as an ever growing monolith. It behooves those of us in federal tribunals to be certain of our jurisdictional underpinnings before we embark upon a full scale trial, and we should constantly remind ourselves that we must not trespass upon the judicial 'turf' of the state courts."). The Court is convinced that its approach best avoids complicated jurisdictional rules, respects the federalism concerns inherent in diversity jurisdiction, and avoids uncertainty.[3]

Therefore, the Court does not concern itself with what Plaintiff could possibly be able to recover in a nonjudicial forum if Defendant is able to compel arbitration; rather, the Court concerns itself with the amount in controversy in the case before it. In this case, regardless of whether it is in front of this Court or the state court, Plaintiff has limited the damages he seeks and will accept to only $74,999. Thus, the Court is compelled to find that, in a judicial forum, it

---

[3] Moreover, if the state court grants a motion to compel arbitration after remand, Defendant is in no worse a position than it would be if this Court finds that the stipulation is not binding, denies remand, and then later grants a motion to compel arbitration. In both scenarios, the case ends up in binding arbitration with no limitation on damages.

is legally certain that Plaintiff will recover less than the amount in controversy. Accordingly, because it does not have jurisdiction over this matter, the Court GRANTS Plaintiff's Motion to Remand.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Rodrigo Eduardo Rodriguez's "Motion to Remand" (ECF No. 5) is **GRANTED**.

**IT IS THEREFORE ORDERED** that the instant action is **REMANDED** to the 34th Judicial District Court, sitting in El Paso County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **MAIL** a certified copy of this Order to the District Clerk of El Paso County, Texas.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this case.

So ORDERED and SIGNED this 23rd day of March 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE